UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

MANUEL SALOMON

                              *Plaintiff.*                          17-CV-4986

   -   Against   -

                                                                **COMPLAINT**

THE CITY OF NEW YORK,

NEW YORK CITY POLICE DEPARTMENT,                **JURY TRIAL DEMANDED**
NYPD POLICE OFFICER HART (SHIELD #26047)
NYPD POLICE OFFICER BARRERT (SHIELD #8126)

                              *Defendant(s).*


_____X

MANUEL SALOMON, by his attorney(s) Gonzalez Legal Associates, PLLC., by Carlos

Gonzalez, Esq., principal, complaining of the Defendant(s) respectfully show to this Court, and

alleges the following upon information and belief:


## INTRODUCTION

MANUEL SALOMON of Bronx, New York, by and through his attorneys, and the law firm of

Gonzalez Law Associates, PLLC states asserts as follows:


   1. Violation of 42 U.S.C. 1983: False Arrest

   2. Violation of 42 U.S.C. 1983: Malicious Prosecution


## JURISDICTION

1.  This court has federal question jurisdiction pursuant to 28 U.S.C. sec. 1331, over claims

arising under 42 U.S.C. section 1983.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

3. Plaintiff has complied with the requirements of New York General Municipal Law Section 50-H Aand 50-I. Saloman made and served a notice of claim on all municipal defendants, within the time required by New York General Municipal Law section 50-e. More than thirty days have elapsed since the service of those notices, and no offer of settlement has been made.

## VENUE

4. Pursuant to 28 U.S.C. section 1391(b), venue is proper in the Southern District of New York, the jurisdictional district in which the claims arose, in which Saloman currently resides and in which defendants, namely NYPD namely the 113th Precinct, conduct their business and where the underlying incident alleged occurred.

## JURY DEMAND

5. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims, set forth in this Complaint.

## PARTIES

6. Plaintiff MANUEL SALOMON ["SALOMON"] is a natural person residing in Bronx, New York, United States of America and was a resident of Bronx, NY during all relevant times of this action.

7. Defendant, City of New York, is a properly incorporated city in the State of New York and is being sued under "Monell" claims.

8. Defendant New York City Police Department is an authorized agency of the City of New York.

9. NYPD Officer Hart is a natural person employed by the City of New York and the New York City Police Department.  His shield number being 26047. Said Officer having been the IDTU Officer.  NYPD Officer BARRERT is a natural person employed by the City of New York and the New York City Police Department.  His shield number being 8126. Said Officer having been the arresting Officer.  Upon information and belief, all New York Police Department, "NYPD," officers mentioned herein, were, at the time of occurrence, police officers of defendant, CITY, and at all times, herein, were acting in such capacity as the agents, servants and employee defendants of the CITY.

## DAMAGES

10. The actions of the defendants deprived plaintiff Saloman of his civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and under the laws and Constitution of the State of New York.

11. The unlawful, intentional, willful, deliberately indifferent, reckless and or bad faith acts and omissions of the defendants caused Saloman to be wrongly seized, maliciously prosecuted and subjected to illegal suspension of his license. All acts and omissions committed by the defendants described herein for which liability is claimed were done intentionally, unlawfully, negligently and/or with bad faith, and said acts meet all the standards for imposition of punitive damages.

## FACTS

12. On or about July 3, 2014 Plaintiff was charged pursuant to Vehicular Traffic Law section 1198 with a designated driving while intoxicated offense and ordered to submit to screening for alcohol or substance abuse and dependency.

13. Plaintiff was ordered to complete the ordered screening and/or assessment within 5 business days of the Order, as was issued on July 3, 2014.

14. Subsequently, Plaintiff's driver license was temporarily suspended by the court for his alleged refusal to submit to a chemical test (Section 1194-2) of the Vehicle and Traffic law. Plaintiff's suspension also required a hearing.

15. Plaintiff was also sent notice of a civil penalty in the sum of $500 before his driver license or privilege could be restored, in which he could pay by credit card, cash or money order. Such order as issued constituted however, only conditional or restricted use of his license/privilege.

16. Plaintiff was noticed that to appeal this decision, he must file an appeal fee by 10/20/2014.

17. On July 15, 2014 it was found that Plaintiff defaulted and failed to appear at the scheduled hearing where his non-appearance constituted a waiver of hearing and resulted in a finding of revocation for violation of Section 1194 of the Vehicle and Traffic Law on July 3, 2014.

18. The official disposition noted that pursuant to Section 1194 of the Vehicle and Traffic Law the license/and or driving privilege of the respondent was hereby revoked effective on July 15, 2014 for refusal to submit to a chemical test to determine the alcohol content of said operator's blood on July 3, 2014.

19. The matter was eventually decided that a statutory civil penalty must be paid before the license could be restored or a new license could be issued.

20. Plaintiff notes that he was stopped and detained for no illegal action. He was not engaged in any illegal behavior nor any behavior violative of any rule or regulation of the New York State Penal Law nor the Vehicle and Traffic Law.

COUNT 1:

VIOLATION OF 42 U.S.C. 1983: FALSE ARREST OF MR. MANUEL SALOMON

21.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 13 above with the same force and effect as if herein set forth.

22. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986, and 1988.

23. For "Monell" purposes, Defendant City of New York ("City") failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest. Furthermore, we allege that it is Department policy to make arrests where allegations of criminality take place, as such all members employed by said department in a position/capacity to arrest any other individual would/should properly be trained by the department to perform said duty in a just and proper manner. We also allege that it is the general practice of the Department to fully investigate any and all matters before them, and do so in a proper and judicious manner, the failure to have done so in this matter is a breach of the aforementioned implied, and direct, policy of this department.

24. Here, defendant's determination to revoke plaintiff's driver's license was not supported by substantial evidence. Although plaintiff did not deny having ever having driven the vehicle, it was within the province of the Commissioner of the Department of Motor Vehicles to resolve issues of credibility, and he was therefore not required to accept petitioner's account of what had

transpired (see *Matter of Foster v. Tofany*, 31 A.D.2d 987, 297 N.Y.S.2d 847; *Matter of Gleason v. Melton*, 79 A.D.2d 853, 434 N.Y.S.2d 494).

25. Moreover, the testimony of the arresting officer does not support a finding that he had reasonable grounds to believe that plaintiff was driving while intoxicated, and that plaintiff unequivocally refused to submit to a chemical breathalyzer in violation of Vehicle and Traffic Law § 1194, although he had been given appropriate warnings. As a result we would present this to be the basis for a false arrest claim, and note specifically for Monell purposes that this is evidence of the officer being poorly trained or continuing a pattern of behavior he had been trained to engage in.

26. As such, Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis for the belief that the person committed the crime.

27. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice directly led to the false arrest of Mr. Saloman for an offense that he did not commit.

28. As a result of the Defendant's unlawful and malicious action Mr. Saloman was temporarily deprived of both his liberty without due process of the law due to the restriction of his driving privileges and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. section 1983.

29. Furthermore, Plaintiff alleges that the officers in question were engaged in a violation of official power granted them by the government, as per *Parilla-Burgos*, 108 F.3d 449. As a direct and proximate result of the defendant's actions Mr. Salomon was wrongfully held, and suffered from the subsequent loss of his license.

<u>COUNT 2: VIOLATION OF 42 U.S.C. 1983:</u>

<u>MALICIOUS PROSECUTION</u>

30. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 22 above with the same force and effect as if herein set forth.

31. Defendant(s) intentionally and maliciously, instituted and pursued a criminal action against Mr. Salomon that was brought without probable cause and was dismissed in Defendant's favor per the administrative hearing held on July 15, 2014. To whit, Defendant continued to prosecute Mr. Salomon even though it was clear they did not have a case.

32. By its terms VTL § 1194(2)(f) applies to a persistent "refusal" to take the breathalyzer test; it does not apply to a mere "failure" to take or complete the test. The distinction is important. By using the term "refusal" the Legislature made it plain that the statute is directed only at an intentional or willful refusal to take the breathalyzer test. See *People v. Anyakora*, 162 Misc.2d 47, 52, 616 N.Y.S.2d 149 (Sup.Ct.N.Y.Co.1993) (distinguishing between failure and refusal in context of Public Health Law provision), aff'd, 238 A.D.2d 216, 656 N.Y.S.2d 253 (1st Dept.), lv. denied, 90 N.Y.2d 854, 661 N.Y.S.2d 181, 683 N.E.2d 1055 (1997); *People v. Patterson*, 185 Misc.2d 519, 529, 708 N.Y.S.2d 815 (Crim.Ct.Bx.Co.2000) (distinguishing between failure and refusal in context of Sex Offender Registration Act).

33. The statute is not directed at a mere unintentional failure by the defendant to comply

with the requirements of the breathalyzer test.

34. The requirement that defendant's refusal be intentional grows out of the evidentiary theory underlying the statute. Evidence of a refusal is admissible on the theory that it evinces a defendant's consciousness of guilt. *People v. Thomas*, 46 N.Y.2d 100, 108–9, 412 N.Y.S.2d 845, 385 N.E.2d 584 (1978); *People v. Ferrara*, 158 Misc.2d 671, 602 N.Y.S.2d 86 (Crim.Ct. Richmond Co.1993). Obviously, an unintentional failure to complete the test does not evidence consciousness of guilt as was such demonstrated in the facts as alleged above in Mr. Saloman's case.

35. Additionally, as a general matter, where purported evidence of consciousness of guilt is too remote or speculative to support an inference of consciousness of guilt, or where the probative value of such evidence is slight and clearly outweighed by the danger of undue prejudice, such evidence should be excluded. *People v. Basora*, 75 N.Y.2d 992, 994–5, 557 N.Y.S.2d 263, 556 N.E.2d 1070 (1990); People v. Feldman, 296 N.Y. 127, 137, 71 N.E.2d 433 (1947); Prince–Richardson on Evidence § 4–611 (11th Ed.).

36. As, here where the Plaintiff did not consciously intend to evade the breathalyzer test, his mere failure to take or complete the test cannot properly be regarded either as a true "refusal" within the meaning of § 1194(2)(f) or as evidence of consciousness of guilt. See *People v. Massong*, 105 A.D.2d 1154, 482 N.Y.S.2d 601 (4th Dept.1984).

37. As noted, Plaintiff was ordered to complete the ordered screening and/or assessment within 5 business days of the Order, as was issued on July 3, 2014 where he merely did not appear and defaulted. Also, Plaintiff speaks Spanish and while he also speaks some English, with a very heavy accent so he was increasingly confused by the directions given by the probation officers.

Thus, Plaintiff acted in genuine good faith as he did not truly understand what was required of him. That is not a "refusal" to take the test within the meaning of VTL § 1194(2)(f); and Plaintiff's conduct does not evidence consciousness of guilt. *Id*.

38. Thus the Plaintiff's failure to complete the test was the result of an unfortunate and confused situation; it was not the result of deliberate evasion, thus defendants lack the necessary probable cause of his arrest.

39.  As a result of the lack of probable cause, and the concerted unlawful and malicious prosecution of Mr. Saloman, the Defendant's deprived Mr. Saloman of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth Amendment of the Constitution of the United States, and 42 U.S.C. sec 1983.

## PUNTIVE DAMAGES

40. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

41. The acts of the individual Defendants were willful, wanton, malicious, and oppressive. These acts were without any justification and caused Plaintiff's severe and ongoing suffering. Such acts therefore warrant an award of punitive damages.

## PRAYER FOR RELIEF

42. WHEREFORE, Plaintiffs demand judgment for False Arrest and Malicious Prosecution against Defendants, jointly and severally, for actual, general, special, and:

   a.  Compensatory damages in an amount of $1,000,000;

   b.  Punitive damages in an amount to be determined at trial;

c.  An award of the costs and expenses of this action including attorneys' fees to the

Plaintiffs pursuant to 43 U.S.C. §1988; and

d.  Any such other and further relief as this Court may deem appropriate.

<u>A JURY TRIAL IS DEMANDED</u>

Respectfully submitted,

MANUEL SALOMON
By his attorney
June 30, 2017

_____/s/_____
Carlos Gonzalez, Esq.
Gonzalez Law Associates
380 Lexington Ave, 17th Floor
New York, NY 10168
212-405-2234